IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS L. WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1251-E-BN |
| | § | |
| WESTERN POWER SPORTS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER WITHDRAWING FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND EXTENDING DEADLINE TO PROPERLY EFFECT SERVICE**

Plaintiff Marcus L. Willis filed this *pro se* lawsuit against Defendant Western Power Sports, Inc. alleging, among other claims, racial discrimination and retaliation. *See* Dkt. No. 3. At that time, Willis moved for leave to proceed *in forma pauperis*. *See* Dkt. No. 4. So United States District Judge Ada Brown referred Willis's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Willis then paid the $402 filing fee and, by doing so, assumed the responsibility to properly serve the named defendant with a summons and a complaint in compliance with Federal Rule of Civil Procedure 4. *See, e.g.*, FED. R. CIV. P. 4(h) (setting forth procedures for serving a corporation, partnership, or association); *see also* FED. R. CIV. P. 4(d) (regarding a defendant's waiving service).

The Court notified Willis of this obligation through an order entered on August 8, 2022, which further advised Willis

> that, if proper service is not made – and shown to the Court through

filed proofs of service or filed waivers of service – before the 90th day after his filing of this action (on June 9, 2022) that is not a Saturday, Sunday, or legal holiday – which, here, will be **September 7, 2022** – this case is subject to dismissal without prejudice unless he shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the Court to extend the time for service for an appropriate period. *See* FED. R. CIV. P. 4(m); *see also* FED. R. CIV. P. 41(b) (providing for dismissal, with or without prejudice, for failure to prosecute and obey court orders).

Dkt. No. 6.

Willis then filed an incomplete Waiver of Service of Summons on August 17, 2022, *see* Dkt. No. 6, but this filing does not reflect that the named defendant waived service of process. And, because Willis had not otherwise shown that proper service was made or waived by September 7 (nor complied with the August 8 order or contacted the Court), the undersigned entered findings of fact and conclusions of law on October 24, 2022 recommending that the Court dismiss this lawsuit without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b) [Dkt. No. 7] (the FCR). Willis has responded, moving the Court to reinstate his case. *See* Dkt. No. 8.

Because Willis's lawsuit has not been dismissed, the Court CONSTRUES this filing as requesting leave to extend the time for service under Rule 4(m) and therefore GRANTS the motion as construed, WITHDRAWS the FCR, and EXTENDS Willis's deadline to properly effect and prove service (or obtain a waiver of service from the defendant and file that waiver) to **December 5, 2022**.

SO ORDERED.

DATED: November 3, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE