IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS L. WILLIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1251-E |
| | § | |
| WESTERN POWER SPORTS, INC., | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION AND ORDER

The Court set out the procedural background of this case in its March 20, 2025

order denying Plaintiff Marcus L. Willis's amended motion to recuse the Court after

entry of judgment:

> Over [Willis's] objections, the Court accepted the magistrate judge's recommendation that the Court grant the motion to dismiss and entered judgment dismissing this lawsuit with prejudice on June 7, 2023. *See* Dkt. Nos. 33, 34, 36, & 37. Willis appealed. *See* Dkt. No. 38. The United States Court of Appeals for the Fifth Circuit affirmed the Court's judgment on February 28, 2024. *See* Dkt. Nos. 41 & 42. And, earlier this year, the Court denied Willis's motion for relief from judgment under Federal Rule of Civil Procedure 60(b), filed almost 11 months after the Fifth Circuit affirmed the dismissal of this lawsuit— and more than 19 months after the Court entered judgment. *See* Dkt. Nos. 43 & 44.
>      In sum, this case is over.

Dkt. No. 47.

Two months after the Court entered that order, Willis moved to set aside the

judgment for fraud on the Court under Federal Rule of Civil Procedure 60(d)(3) and

to recuse the Court, *see* Dkt. Nos. 48 & 49, motions the Court denied on May 21, 2025,

*see* Dkt. No. 50.

The next day, Willis noticed an appeal of the May 21 order and moved for leave to appeals *in forma pauperis* ("IFP"), *see* Dkt. Nos. 52, 54, & 55, and the Court denied his IFP motion and certified that his appeal was not taken in good faith on June 12, 2025, *see* Dkt. No. 56.

Since then, Willis has made no further filings in the district court.

Nevertheless, Defendant Western Power Sports moved the Court on July 17, 2025 to enjoin Willis from further filings without leave of court. *See* Dkt. No. 57.

The Court **DENIES** Western's motion for the following reasons.

Particularly because "[a] litigious plaintiff pressing a frivolous claim, though rarely succeeding on the merits, can be extremely costly to the defendant and can waste an inordinate amount of court time," *Montes v. Tibbs*, No. 24-20135, 2024 WL 3842570, at *3 (5th Cir. Aug. 16, 2024) (per curiam) (quoting *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam)), "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation," *Nix v. Major League Baseball*, 62 F.4th 920, 936 (5th Cir. 2023) (quoting *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187 (5th Cir. 2008)).

Courts determine "whether a pre-filing injunction is warranted to deter future vexatious filings" based on "a variety of factual circumstances" that include:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* at 936-37 (quoting *Baum*, 513 F.3d at 189 (quoting *Cromer v. Kraft Foods N. Am.,*

*Inc.*, 390 F.3d 812, 818 (4th Cir. 2004))).

And "*[p]ro se* status is no aegis." *Id.* at 937 (citing *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986); *accord In re Carroll*, 850 F.3d 811, 815 (5th Cir. 2017) ("To the extent that appellants maintain that sanctions cannot be imposed against them because they are pro se litigants, they are incorrect." (citations omitted)); *see, e.g.*, *Searcy v. Fort Worth ISD*, No. 4:23-cv-992-P, 2024 WL 3293871, at *1-*2 (N.D. Tex. Apr. 10, 2024) ("reluctantly conclud[ing] that some form of sanction is needed to rid the docket of continued frivolous filings" – settling on a requirement that the *pro se* plaintiff seek and obtain leave of court before filing additional motions in that lawsuit – after recounting that the plaintiff had imposed an "an endless barrage of post-appeal filings" (citing 13); that, "[l]acking jurisdiction to offer relief, the Court declined to evaluate the merits of any such filings" but "a cursory perusal of many of the filings suggest they are substantively as well as procedurally infirm"; that "[t]hese filings impose a substantial burden on both the Court and Defendant"; that "the Court has already explained this to Plaintiff"; and that "the Court's prior Order went unheeded" (citations omitted)).

The Court has considered Willis's post-judgment filings in the district court against the *Baum* factors and finds that a judicially-imposed injunction to prevent him from making further filings in the district court is not justified at this time.

But the Court does **WARN** Willis that continuing to make frivolous filings in this lawsuit could result in sanctions that (1) could restrict his ability to make filings in this lawsuit or future lawsuits; (2) adversely affect his ability to proceed *pro se* and

*in forma pauperis*; and (3) include monetary penalties.

And, to the extent that Willis has barraged Western with filings in the Fifth Circuit, the Court has authority to control its own docket, not the Fifth Circuit's.

**SO ORDERED THIS 8TH DAY OF AUGUST, 2025.**

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE